**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE WAYNE MILLER<br><br>            Petitioner,<br><br>    v.<br><br>GLENN VEGA,<br><br>            Respondent. | Case No. 1:14-cv-00940-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT LEAVE TO AMEND (D0C. 1)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

Petitioner is a civil detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on July 7, 2014. Pending before the Court is the petition, which was filed on June 18, 2014. Petitioner alleges that he is confined pursuant to California's Sexually Violent Predators Act.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States

1

District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).
///

II. Background

In the petition, Petitioner alleges that he is an inmate of the Coalinga State Hospital undergoing psychiatric treatment which he alleges includes forced medication and false diagnoses. He refers to 42 U.S.C. § 1983 and unspecified harassment and discrimination possibly related to his status as a Native American. He also refers to an ongoing habeas action in the United States District Court for the Northern District of California which appears to address the legality or duration of his confinement.

The Court takes judicial notice of the docket in Bruce Wayne Miller v. Cliff Allenby, Acting Director, case number 4:13-cv-03466 SBA (PR), pending in the United States District Court for the Northern District of California, Oakland Division.[1] Petitioner proceeds in that action with a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention, which proceeds from pending state court proceedings to commit Petitioner as a sexually violent predator (SVP). (Doc. 17, filed on April 25, 2014, at 1.) Respondent has moved to dismiss the petition on the ground that abstention from jurisdiction is appropriate because of the pending state SVP proceedings, and Respondent also argues that Petitioner is not entitled to relief on the merits of his claim that his detention violates due process. (Id.)

III. Conditions of Confinement

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

on the Court's own motion at any time.  Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)).

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged.  Fed. R. Civ. P. 8(a); <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

A federal court may only grant a state prisoner's petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141 42 (1991); <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a

4

1  determination of entitlement to immediate or speedier release.
2  Preiser v. Rodriguez, 411 U.S. 475, 500.  Thus, such claims are
3  within the core of habeas corpus jurisdiction.
4      Cases in this circuit have recognized a possibility of habeas
5  jurisdiction in suits that do not fall within the core of habeas
6  corpus.  Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989)
7  (expungement of disciplinary finding likely to accelerate
8  eligibility for parole); Docken v. Chase, 393 F.3d 1024 (9th Cir.
9  2004) (a claim challenging the constitutionality of the frequency of
10 parole reviews, where the prisoner was seeking only equitable
11 relief, was held sufficiently related to the duration of
12 confinement).  However, relief pursuant to § 1983 remains an
13 appropriate remedy for claims concerning administrative decisions
14 made in prison where success would not necessarily imply the
15 invalidity of continuing confinement.  Docken v. Chase, 393 F.3d at
16 1030 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)
17 as holding that a § 1983 suit is an appropriate remedy for
18 challenges to conditions [there, administrative placement in a sex
19 offender program affecting eligibility for parole] which do not
20 necessarily imply the invalidity of continuing confinement); Ramirez
21 v. Galaza, 334 F.3d 850, 852, 858 (9th Cir. 2003).
22     Here, Petitioner's claims concerning unspecified harassment,
23 discrimination, and his medical treatment do not relate to or affect
24 the duration of his confinement; rather, they concern only the
25 conditions of his confinement.  Thus, Petitioner's claims must be
26 dismissed.
27     Further, because of the nature of Petitioner's claims, even if
28 leave to amend were granted, it is not possible that Petitioner

5

could amend his petition to allege tenable conditions claims. Petitioner could not allege specific facts that demonstrate that as a result of the challenged procedures, the legality or duration of Petitioner's confinement, as distinct from the conditions of his confinement, has been affected.  Indeed, Petitioner is already challenging the legality or duration of his confinement in a separate habeas proceeding pending in the district where state SVP proceedings are also being conducted.

In summary, Petitioner has not alleged facts that would entitle him to relief in a habeas corpus proceeding.

Accordingly, Petitioner's habeas petition is subject to dismissal without leave to amend.

IV. Remedy

Although Petitioner's claims concern conditions of confinement, the Court could construe Petitioner's claims as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.  See Wilwording v. Swenson, 404 U.S. 249, 251 (1971).

However, the Court declines to construe the petition as a civil rights complaint because of various differences in the procedures undertaken in habeas proceedings on the one hand, and civil rights actions on the other.

First, if the petition were converted to a civil rights complaint, Petitioner would be obligated to pay the $400 filing fee for a civil action, whether in full or through withdrawals from his prison trust account in accordance with the availability of funds. 28 U.S.C. §§ 1914, 1915(b).  The dismissal of this action at the pleading stage would not terminate Petitioner's duty to pay the $400 filing fee.

6

Here, the petition was not accompanied by the $400 filing fee or an authorization to deduct payments deducted from Petitioner's trust fund account.

Further, 42 U.S.C. § 1997e(a) provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." It is established that this provision requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001). Here, if Petitioner is subject to this requirement, Petitioner has not alleged that he exhausted administrative remedies.

Another omission from the petition that affects the Court's decision not to consider it as a civil rights complaint is the Petitioner's failure to identify the capacity in which the named respondent would be sued for purposes of a civil rights claim, which is critical to the issue of sovereign immunity.

On the basis of the foregoing analysis, it is concluded that it is appropriate to dismiss the petition so that Petitioner himself may determine whether or not he wishes to raise his present claims through a properly submitted civil rights complaint.

V. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336

7

(2003).  A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

8

VI. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED without leave to amend for failure to state facts entitling the Petitioner to relief in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action because the dismissal terminates it in its entirety.

IT IS SO ORDERED.

Dated:   **October 28, 2014**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

9